IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IRMGARD MARTINO | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION |
| HARTFORD INSURANCE COMPANY OF ILLINOIS | : | |
| | : | NO. 14-CV-1953 |
| Defendant. | : | |

FILED

APR 24 2014

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**MEMORANDUM & ORDER**

JOYNER, J.                                       APRIL   23   , 2014

Before the Court are Plaintiff's Motion to Remand to State Court (Doc. No. 5), and Defendant's Response in Opposition thereto (Doc. Nos. 6, 7). Based on the following, it is hereby ORDERED that the Motion is GRANTED.

**II. JURISDICTION**

The parties disagree over the Court's jurisdiction to hear the above-captioned matter. Federal district courts have original jurisdiction over actions between citizens of different states in which the matter in controversy exceeds $75,000.00, exclusive of interests and costs. See 28 U.S.C. § 1332(a). Plaintiff is a citizen of the Commonwealth of Pennsylvania. (Complaint, Court of Common Pleas of Philadelphia, Doc. No. 5 Ex. 2 ¶ 1). Defendant Hartford Insurance Company of Illinois is incorporated in

1

Illinois with its principal place of business in Illinois. (Notice of Removal, Doc. No. 1, ¶ 5). Because the Defendant is not a citizen of the same state as the Plaintiff, the Court finds that this is a suit between citizens of different states. See 28 U.S.C. § 1332(a)(1),(c)(1).

"The general federal rule is to decide the amount in controversy from the complaint itself." Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993)(citing Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353 (1961)). However, the plaintiff's pleadings are not wholly dispositive under the legal certainty test - the Court must examine not just the amount claimed by the plaintiff, but also her actual legal claims. Morgan v. Gay, 471 F.3d 469, 475 (3d Cir. 2006). The amount in controversy is measured by a reasonable reading of the value of the rights being litigated. Angus, 989 F.2d at 146. In addition to claims for compensatory damages, claims for attorneys' fees and punitive damages, if they are not patently frivolous, should be considered in determining the amount in controversy. Golden ex. rel. v. Golden, 382 F.3d 348, 355 (3d Cir. 2004); Frederico v. Home Depot, 507 F.3d 188, 199 (3d Cir. 2007). Punitive damages claims are frivolous if they are unavailable as a matter of state substantive law. Golden ex. rel., 382 F.3d at 355.

When a case is filed in federal court, it "must be dismissed or remanded if it appears to a legal certainty that the plaintiff

2

*cannot* recover more than the jurisdictional amount of $75,000." Frederico v. Home Depot, 507 F.3d 188, 195 (3d Cir. 2007)(citing Valley v. State Farm Fire and Cas. Co., 504 F.Supp.2d 1, 3-4 (E.D. Pa. 2006)(emphasis in original)).

When a case has been removed from state court to federal court, the party asserting federal jurisdiction bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court. See Frederico, 507 F.3d at 193. The defendant in such cases must prove by a legal certainty that the amount in controversy exceeds the statutory threshold. Id. at 197. "To determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court." Id. at 196 (citing Morgan, 471 F.3d at 474). The amount in controversy is measured as of the date of removal, and the constraints of § 1332 should be strictly construed against removal. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), *abrogated in part on other grounds by* Exxon Mobil Corp. v. Allapath Services, Inc., 545 U.S. 546 (2005).

In the matter at hand, the Complaint alleges two causes of action: breach of contract and bad faith. (Complaint, Court of Common Pleas of Philadelphia, Doc. No. 5 Ex. 2 ¶ 12-13). The Complaint includes three *ad damnum* clauses. First, after reciting

3

the pertinent facts, Plaintiff's complaint "demands judgment in her favor and against defendant, Hartford Insurance Company of Illinois, in a sum not in excess of $50,000.00 plus interest, costs and attorneys fees." Id. at ¶ 14. The factual bases of Plaintiff's damages in her state court Complaint are present and future physical pain, mental anguish, humiliation, and medical bills and expenses. Id. ¶ 11-13. After Count I, breach of contract, Plaintiff demands judgment "in a sum in excess of[1] $50,000.00 plus interest, costs and attorneys fees." Id. § 18. In Count II, bad faith, Plaintiff claims entitlement to "damages pursuant to 42 Pa. C.S.A. § 8371, including interest equal to the prime rate plus three (3%) percent, court costs, attorney fees and punitive damages." Id. ¶ 25. Plaintiff then demands damages "in an amount not in excess of $50,000.00, including punitive damages, interest, attorney fees and costs of suit." Id. ¶ 26. In addition to including the *ad damnum* clauses, Plaintiff checked a box on a cover sheet to the Complaint requesting damages to be assessed by arbitration. Pursuant to Pennsylvania statute, arbitration is available only in actions where the sum in controversy does not exceed $50,000. 42 Pa. C.S.A. § 7361.

For their part, Defendants provide the following support for

---

[1] The parties agree that Plaintiff's *ad damnum* clauses seek to limit damages to $50,000.00. Thus, the Court will assume that the Complaint contains a typographical error, and ¶ 18 was meant to demand damages *not* in excess of $50,000.00.

4

federal diversity jurisdiction in their notice of removal: "Count I of the complaint alleges breach of contract regarding underinsured motorist benefits. The count expressly alleges serious and permanent personal injuries as well as economic and non-economic damages . . . past and future medical expenses . . . physical pain, aches, mental anguish, humiliation and loss of life's pleasures which plaintiff currently suffers and may continue to suffer for an indefinite time in the future . . . Count II of the complaint avers statutory bad faith . . . seeks enhanced interest, attorney fees, punitive damages and costs." (Notice of Removal, Doc. No. 1, ¶ 6). Defendant argues that Plaintiff's contract claim is, by itself, worth $250,000 because Plaintiff's uninsured motorist coverage policy contains a limit of liability of $250,000; and that Plaintiff's seeking attorneys' fees and punitive damages as allowed under 42 Pa. C.S.A. § 8371[2] pushes her claim over the jurisdictional limit. Moreover, Defendant avers, Plaintiff's *ad damnum* clause is not binding on her, and her refusal to stipulate that her claim is worth less than $75,000 is evidence of an effort to manipulate her complaint to avoid federal jurisdiction yet still recover above the jurisdictional threshold.

---

[2] Although the Third Circuit held that § 8371 was preempted by ERISA in the employee benefit plan context, Barber v. Unum Life Ins. Co. of America, 383 F.3d 134 (3d Cir. 2004), it did not suggest that the statute is preempted in the uninsured motorist claim context of the instant case.

5

Defendant has not proven to a legal certainty that Plaintiff may recover more than the threshold amount. Pursuant to the Pennsylvania statute governing arbitration, "the monetary limits of compulsory arbitration are jurisdictional." Robert Half Intern., Inc. v. Marlton Technologies, Inc., 902 A.2d 519, 529 (Pa. Super. Ct. 2006). In her complaint, Plaintiff has expressly limited her damages to $50,000.00. A plaintiff may limit her damages to avoid federal jurisdiction. Morgan, 471 F.3d at 476-78. Though Defendant avers that Plaintiff may recover more than $75,000.00 on *de novo* appeal of the arbitration, see Pa. R.C.P. 1311, the Court agrees with our colleagues Judge Schiller and Judge Baylson that "the legal certainty test would ring hollow . . . if the mere possibility that a plaintiff could recover more than $75,000 from an appeal of a compulsory arbitration satisfied Defendants burden." Coates v. Nationwide Ins. Co., Civ. A. 12-4031, 2013 WL 5224004 at *2 (E.D. Pa. Sep. 16, 2013)(quoting Menard v. Hewlett Packard Co., Civ. A. 12-3570, 2012 WL 2938010 at *4 (E.D. Pa. July 19, 2012)(emphasis omitted). As of the date of removal, Plaintiff's damages are explicitly limited to $50,000.00 by her Complaint and submission to the Pennsylvania arbitration process, and future appeals are merely speculative, not legally certain.

Additionally, the fact that Plaintiff's counsel declined to sign a stipulation limiting damages does not persuade the Court.

6

In fact, "Defendants read too much into this unsigned stipulation . . . Lawyers tend to be cautious." Menard, 2012 WL 2938010 at *4. The lack of stipulation does not undermine the limited damages apparent in Plaintiff's complaint.

In short, though Defendant is correct that the *ad damnum* clause is not itself dispositive of the value of Plaintiff's claims, Defendant has not satisfied its burden of proving that Plaintiff will recover more than the jurisdictional amount.

The Court thus does not have diversity jurisdiction over the present case under 28 U.S.C. § 1332, and must remand it accordingly. However, the Court will not award attorneys' fees or costs to the Plaintiff given that Defendant had a reasonable basis to remove this matter.

## CONCLUSION

The Court does not have jurisdiction over the above-captioned matter. The Motion for Remand is thus GRANTED.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IRMGARD MARTINO                    :
                                   :
              Plaintiff,           :
                                   :
     v.                            :
                                   :
HARTFORD INSURANCE COMPANY         :     CIVIL ACTION
OF ILLINOIS                        :
                                   :     NO. 14-CV-1953
                                   :
              Defendant.           :
                                   :

## ORDER

AND NOW, this 23rd day of April, 2014, upon consideration of Plaintiff's Motion to Remand to State Court (Doc. No. 5) and Defendant's Response in Opposition thereto (Doc. Nos. 6, 7), it is hereby ORDERED that the Motion is GRANTED.[3] The instant matter is REMANDED to the Court of Common Pleas of Philadelphia County under No. 1402-3083.

BY THE COURT:

/s/ J. Curtis Joyner
J. CURTIS JOYNER, J.

---

[3] Because the Court lacks jurisdiction over the above-captioned case, Defendant's Second Motion to Dismiss Paragraphs 22(a),(b) and (d) (Doc. No. 4) is hereby DENIED without prejudice.